UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

**CHARLES JACKSON,**

       **Plaintiff,**

**v.**                                                  **CIV 03-269 MCA/LAM**

**STEVE GARNER, et al.,**

       **Defendants.**

# PROPOSED FINDINGS AND RECOMMENDED DISPOSITION
# &
# ORDERS, INCLUDING ORDER TO FILE A *MARTINEZ* REPORT

    This *pro se* prisoner civil rights matter is before the Court on four motions, non-dispositive as well as dispositive. *(Doc. #'s 14, 16-18).* Plaintiff brings this prisoner civil rights action under 42 U.S.C. § 1983 based on alleged incidents that occurred when he was housed in the Torrance County Detention Facility. Although his allegations are a bit difficult to follow, his grounds for relief all appear to be interrelated and stem from a request to be placed in protective custody. He raises numerous claims: he was injured in protective custody, which required hospitalization and surgery; later, while injured, an officer hit him and then refused him medical treatment; he filed a grievance over the incident, but was put on "grievance restriction;" photos documenting his injuries were stolen by prison staff from a legal mail envelope; and an assistant warden fabricated allegations against him and he tried to grieve the treatment, but was thwarted. *See (Docket # 1).*

    Among other things, Defendants move to dismiss on the ground that Plaintiff failed to exhaust his administrative remedies as required by § 1997(a) of the Prison Litigation Reform Act or "PLRA."

They also characterize Plaintiff's allegations as vague and conclusory regarding his individual claims against the officer and warden. *See (Docket # 15).* I **recommend**, however, that **Defendants' motion to dismiss** *(Doc. # 14)* **be denied** at this juncture.

First, it is apparent from the attachments to the Complaint, that Plaintiff has availed himself of the prison grievance procedure. Indeed, he was placed on non-emergency grievance restrictions in March 2001 for filing too many grievances. Furthermore, Plaintiff attaches more grievances to his motions "to amend" his Complaint, which I also construe as responses to Defendants' motion to dismiss. *See Doc. #'s 17, 18.* These documents, coupled with the allegations and assertion of exhaustion in the Complaint, are sufficient for Plaintiff to meet his burden of surviving *sua sponte* dismissal. At the very least, they create an issue of fact regarding exhaustion that would best be handled on summary judgment, given that part of his claims include allegations of interference with his grievances. *See Steele v. Federal Bureau of Prisons,* 355 F.3d 1204, 1212 (10th Cir. 2003). Second, I find Plaintiff's allegations neither vague nor conclusory.

Given the interrelatedness of the claims, his plain allegations in the Complaint of the incidents that give rise to his claims, and the supplementation provided through his motions to amend his complaint, I conclude that the motion to dismiss should be **denied** at this juncture **without prejudice**, and the better procedure is to proceed to a *Martinez* report. That is, under *Martinez v. Aaron,* 570 F.2d 317, 320 (10th Cir. 1978), this Court may order defendants to investigate the incident or incidents underlying Plaintiff's lawsuit and submit a report of their investigation in order to develop a factual or a legal basis for determining whether a prisoner plaintiff has a meritorious claim. *See, e.g., Gee v. Estes,* 829 F.2d 1005, 1007 (10th Cir. 1987). A *Martinez* report may be used in a variety of contexts, including motion for summary judgment or *sua sponte* entry of summary

judgment. When a *Martinez* report is used for summary judgment purposes, the *pro se* plaintiff must be afforded an opportunity to present conflicting evidence to controvert the facts set forth in the report. *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991).

I also conclude that Plaintiff should be permitted to amend and his motion for special designation of Court mail be denied. Because leave to amend should be freely granted under FED. R. CIV. P. 15, particularly where, as here, Plaintiff is proceeding *pro se, see*, *e.g.*, *Murray v. Archambo,* 132 F.3d 609, 612 (10th Cir. 1998), his motions to amend will be granted. Plaintiff also asks that this Court mark its envelopes with the designation "Special Legal Mail – Open Only In Presence Of Inmate." However, the return address on the Court's envelopes should suffice to alert the Louisiana prison that it contains legal mail and that it should treat it accordingly under whatever regulations it follows for such mail.

Finally, I note that Plaintiff failed to properly serve opposing counsel and failed to provide a certificate of service for his motion regarding the envelope. Although it is apparent from other pleadings that Plaintiff is aware of the Court's service requirement, I specifically notify him that even though he is proceeding *pro se*, he is not excused from following the Federal Rules of Civil Procedure or the Court's Local Rules. Plaintiff must follow the District of New Mexico Local Rules, a copy of which may be obtained from the Clerk of the U.S. District Court, District of New Mexico. Plaintiff should especially note D.N.M.LR-Civ. 7.1(b) ("A motion, response, or reply must include a certificate of service on each party.") and D.N.M.LR-Civ. 7.4(c) ("Movant must file and serve on all parties copies of the motion, supporting brief, affidavits and other papers related to the motion. The response and reply must be filed and served on all parties."). **Failure to comply with the Local Rules may result in imposition of sanctions, including dismissal of the case.**

**WHEREFORE**, **IT IS HEREBY ORDERED THAT:**

1. Plaintiff's **motions to amend** are **GRANTED** *(Docs. 17, 18)*, and as Defendants note, I consider these materials to **supplement** the Complaint. Therefore, I also consider Defendant's Answer sufficient, but they may supplement their Answer, if they so wish.

2. Plaintiff's **motion regarding special designation of mail** *(Doc. 16)* is **DENIED**.

**IT IS HEREBY RECOMMENDED** that Defendants' **Motion to Dismiss** *(Doc. 14)* be **DENIED without prejudice**.

**IT IS FURTHER ORDERED THAT, IN THE EVENT THE PROPOSED RECOMMENDATION IS ADOPTED:**

A. Defendants prepare a *Martinez* report addressing the matters raised in Plaintiff's Complaint and supplements. They shall:

   (1) specifically set forth the facts needed in separately- numbered paragraphs, for example, names of corrections officials and other inmates that directly dealt with Plaintiff during the alleged incidents or witnessed the alleged incidents; whether records exist pertaining to the events alleged; whether prison policies or regulations address the situation;

   (2) provide copies of documents and records, including but not limited to incident reports, inmate misconduct reports, grievances cited by Plaintiff, and decisions made by corrections officials in response; and copies of any prison policies or regulations that address these situations. Documents submitted with the report may be submitted simultaneously with the report, but the submission of documents alone, or documents submitted with an index but without an accompanying report, shall not be considered in compliance with this order;

   (3) submit affidavits in support of the report, if necessary;

B. The Court is aware of the potential sensitivity of the materials contained in corrections files and that there may be valid reasons for keeping secret much of the content of a corrections file; as such, Defendants may redact confidential portions of documents submitted with the report and also submit a memorandum setting forth any objections they may have to Plaintiff being permitted to review any portion of the report and its attachments; if Defendants submit no such objections with the report, Plaintiff shall be permitted to review the contents of the entire report as submitted;

C. Defendants submit the report **by no later than thirty (30) days after the proposed recommendation is adopted;**

D. Defendants serve a copy of the report on Plaintiff, who shall then have **thirty (30) days from the date of service in which to file a response**;

E. Defendants file their **reply within fourteen (14) days** of service of Plaintiff's response.

**THE PARTIES ARE HEREBY GIVEN NOTICE that the *Martinez* report may be used in deciding whether to grant summary judgment on Plaintiff's claims, whether by motion or *sua sponte;* as such, the parties should submit whatever materials they consider relevant to Plaintiff's claims.** *See Hall,* 935 F.2d 1106.

---

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the ten-day period  if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

---

*Lourdes a. Martinez*
UNITED STATES MAGISTRATE JUDGE