**FILED**

UNITED STATES DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT ALBUQUERQUE, NEW MEXICO

FOR THE DISTRICT OF NEW MEXICO       MAY 23 2005

CHARLES JACKSON,                          MATTHEW J. DYKMAN
                                                  CLERK
                Plaintiff,

v.                                            CIV 03-0269 MCA/LAM

STEVE GARNER, Assistant Warden,
et al.,

                Defendants.

## MEMORANDUM OPINION AND ORDER ADOPTING IN PART AND REJECTING IN PART MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This *pro se* prisoner civil rights case under 42 U.S.C. § 1983 is before the Court on Defendants' *Motion for Summary Judgment* (*Doc. 34*) filed on August 6, 2004. The Magistrate Judge assigned to this case filed her *Magistrate Judge's Proposed Findings and Recommended Disposition* (*Doc. 55*) (hereinafter, "Proposed Findings") on March 31, 2005. The Proposed Findings notified the parties of their right to file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1), and that failure to file objections waives appellate review.

*Plaintiff's Written Objections to Magistrate Judge's Proposed Findings and Recommended Disposition* (*Doc. 57*) were file-stamped by the Court on April 18, 2005; however, on the face of these objections it appears that they were mailed from the prison where Plaintiff is incarcerated on April 10, 2005, making them timely filed under the federal prison mailbox rule. *See Houston v. Lack*, 487 U.S. 266, 270-276 (1988). On April 12, 2005, Defendants filed their timely *Defendants' Objections to Magistrate Judge's Proposed Findings and Recommended Disposition* (*Doc. 56*).

59

The Court has reviewed the Proposed Findings, Plaintiff's and Defendants' objections to the Proposed Findings, applicable law and such other materials as it deems relevant. Moreover, the Court has conducted a *de novo* review of those portions of the Proposed Findings to which Defendants object.[1] For the reasons stated below, the Court: (1) sustains in part and overrules in part Defendants' objections to the Proposed Findings; (2) adopts in part and rejects in part the Proposed Findings; (3) grants Defendants' motion, in part, and determines which of Plaintiff's claims are unexhausted; (4) gives Plaintiff an opportunity to voluntarily dismiss all of his unexhausted claims, without prejudice, and have the Court proceed to consider the merits of his remaining, exhausted claim, by filing a motion for voluntary dismissal of his unexhausted claims by order of the Court **on or before June 9, 2005;**[2] and (5) reserves ruling on all other issues raised in Defendants' motion.

## Defendants' Objections

The Magistrate Judge concluded that Plaintiff failed to exhaust his prison administrative remedies with respect to some, but not all, of his claims, making his complaint a mixed complaint consisting of both exhausted and unexhausted claims. Pursuant to the total exhaustion requirement expressed by the Tenth Circuit Court of Appeals in *Ross v. County of Bernalillo*, 365 F.3d 1181, 1189-1190 (10th Cir. 2004), the Magistrate Judge recommended that Defendants' *Motion for Summary Judgment (Doc. 34)* be granted for failure to exhaust administrative remedies and that Plaintiff's entire complaint, as supplemented, be dismissed without prejudice. In the alternative, the

---

[1]Although the title of Plaintiff's objections suggests that he objects to the Magistrate Judge's Proposed Findings, his objections state that he has no objections to the Proposed Findings and that he desires to voluntarily dismiss all of his unexhausted claims from this case.

[2]Plaintiff's motion can be filed pursuant to FED. R. CIV. P. 41(a)(2).

Magistrate Judge recommended, consistent with several recent, unpublished Tenth Circuit decisions,[3] that Plaintiff be given an opportunity to voluntarily dismiss all of his unexhausted claims and have the Court proceed to consider the merits of his remaining, exhausted claims.

## First Objection

For their first objection, Defendants object to the Magistrate Judge's proposed finding that Plaintiff exhausted his administrative remedies with respect to his claim that Defendant Benavidez assaulted him and denied him medical treatment on January 15, 2001. Defendants concede that Plaintiff submitted a grievance form about this claim and another issue on March 15, 2001, but they contend that Plaintiff failed to appeal the grievance officer's denial of this claim, thereby failing to exhaust his administrative remedies under the prison grievance procedure.

On March 15, 2001, Plaintiff submitted a grievance form concerning the alleged assault and denial of medical treatment by Defendant Benavidez on January 15, 2001. *Martinez Report* *(Doc. 30), Exhibit X (Grievance Form 01-03-66).* This grievance form also asked that a disciplinary report or "D.R." that Plaintiff received from Defendant Benavidez on January 10, 2001, be removed from his "jacket" or file. *Id.* In the section of the grievance form for stating his grievance, Plaintiff referred to an earlier grievance form that he had written about the January 15, 2001 incident with Defendant Benavidez, and stated, "I [sic] like to know why a memorandum was not sent to me showing what actions was [sic] takin [sic] against this Lt. and the grievance that I put in on this Lt. was not return [sic] to me with a [sic] answer." *Id.* For his requested action on the grievance form Plaintiff stated, "I want a proper answer on a memorandum stating what actions was [sic]

---

[3]*See Dawson v. Taylor*, No. 04-1183, 2005 WL 776163, at *1 (10th Cir. Apr. 7, 2005) (unpublished); *West v. Kolar*, No. 03-6265, 2004 WL 1834634, at *2 (10th Cir. Aug. 17, 2004) (unpublished).

takin [sic] because [I] fear [for] my safety around Lt. Benevidez [sic] for what he has done to me for no reason at all." *Id.* The grievance officer's report on the grievance form stated that the "the answer concerning [illegible] Benavidez was on grievance 01-01-138."[4] *Id.* The grievance officer denied the grievance stating, "Resolved, all answers given in prior grievances." *Id.* In the section of the grievance form for filing an appeal, in the line that reads "APPEAL: Yes ___ No ___," Plaintiff checked "Yes." *Id.* In the section of the grievance form for stating the reasons for his appeal, Plaintiff wrote:

> I was given a request form, from [sic] stated that, Mr. Stewart, Warden, stated on a form dated Feb. 5, 2001, that my letter on 2/5/01 was received, and will be handled. Lt. Benevidez [sic] put me in the whole [sic] on *locked [sic] down* for no reason. I want a [sic] answer from the Warden what kind of action was taking [sic], because I'm still on *lock down* for the same *D.R.* There is no reason why I should be on *lock down*. I want a memorandum stating what was done, and was the *D.R.* removed, and why is [sic] I'm still on *lock down*.

*Id.* (*emphasis added*). The warden/administrator denied the appeal. *Id.* Defendants assert that the language in the grievance form requesting an appeal relates only to Plaintiff's claim that the January 10, 2001 disciplinary report should be removed from his file, and that Plaintiff failed to appeal the denial of his grievance requesting a memorandum and/or answer concerning the alleged assault and denial of medical treatment by Defendant Benavidez on January 15, 2001. The Court agrees with Defendants' objection on this issue.

Few courts have addressed the issue of what a prison grievance should contain and how specific it should be. Both the Second and the Seventh Circuits have held that if prison regulations

---

[4]Grievance Form 01-01-138, submitted by Plaintiff to the prison on or about January 11, 2001, concerned an incident in which Plaintiff alleged that Lt. Benavidez confronted him in a hallway on January 10, 2001, but did not allege any assault or denial of medical treatment by Benavidez.. ***Martinez Report*** (*Doc. 30*), *Exhibit X (Grievance Form 01-01-138).*

4

do not prescribe the contents of prisoner grievances, a grievance is sufficient if it alerts the prison

to the nature of the wrong for which redress is sought. *See Johnson v. Testman*, 380 F.3d 691, 697

(2d Cir. 2004); *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002). Analogizing to notice pleading,

these courts have held that "[a]s in a notice pleading system, the grievant need not lay out the facts,

articulate legal theories, or demand particular relief. All the grievance need do is object intelligibly

to some asserted shortcoming." *Strong v. David*, 297 F.3d at 650, cited with approval in

*Johnson v. Testman*, 380 F.3d at 697; *see also Riccardo v. Rausch*, 375 F.3d 521, 524 (7th Cir. 2004)

(prisoner's grievance at "border of intelligibility" generously construed to exhaust prison

administrative remedies where grievance mentioned problem and prison grievance procedure did not

specify level of detail required of prison grievances). However, "[i]n order to exhaust, therefore,

inmates must provide enough information about the conduct of which they complain to allow prison

officials to take appropriate responsive measures." *Johnson v. Testman*, 380 F.3d at 697. Here, in

his appeal of the grievance officer's decision on Grievance Form 01-03-66, Plaintiff only provided

information about the D.R. and his lockdown, and failed to mention anything about his complaint

that Defendant Benavidez assaulted him and denied him medical treatment on January 15, 2001.[5]

***Martinez Report*** (*Doc. 30*), *Exhibit X (Grievance Form 01-03-66)*.

The Court finds that Plaintiff's stated reasons for his appeal in Grievance Form 01-03-66

were not sufficiently intelligible to alert prison officials to the fact that he was appealing both issues

---

[5]Although Plaintiff clearly raised his claim that he was assaulted and denied medical
treatment in Grievance Form 01-03-66, and the grievance officer's response was erroneous when he
stated that "[t]he answer concerning [illegible] Benavidez was on grievance #01-01-138" because
that grievance form did not mention either the alleged assault or the failure to provide medical
treatment, Plaintiff failed to point out in his appeal that the response was in error and failed to appeal
that issue.

5

that were the subject of the grievance, *i.e.*, the disciplinary ruling imposed on January 10, 2001, and

the alleged assault and denial of medical treatment by Defendant Benavidez on January 15, 2001.

While the language in Plaintiff's stated reasons for appeal is not a model of clarity, the language

appears to relate solely to Plaintiff's objection to the January 10, 2001, disciplinary ruling and to his

request that the disciplinary ruling be removed from his file. There is no specific mention of the

alleged assault and denial of medical treatment on January 15, 2001, as there was in Plaintiff's initial

statement of his grievance on the same form, and it is clear from the warden/administrator's response

to the appeal that he or she considered the appeal as being limited to the disciplinary ruling issue.

While incarcerated inmates, without the benefit of counsel, should be afforded some latitude in the

interpretation of their prison grievance forms, their grievances should be sufficiently intelligible to

alert prison officials to the problems of which they complain in order to further the purpose of the

Prison Litigation Reform Act (hereinafter "PLRA") which is to "reduce the quantity and improve

the quality of prisoner suits . . . [by affording prison officials the] time and opportunity to address

complaints internally before allowing the initiation of a federal case." *Porter v. Nussle*, 534 U.S.

516, 524-525 (2002).[6] Consequently, the Court finds that Plaintiff did not appeal his claim that

Defendant Benavidez assaulted him and denied him medical treatment on January 15, 2001, and,

therefore, Plaintiff did not exhaust his administrative remedies with respect to that claim. "An

inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983

---

[6]The Court notes that prison grievance procedure which Defendants contend was applicable
to Plaintiff's claims did not specify the degree of detail required in the prison grievance forms.
*Martinez Report* (Doc. 30), *Exhibit Z (Inmate/Resident Grievance Procedures)*. However, a review
of the stated reasons for appeal in Plaintiff's other grievance forms shows that he had no problem
articulating specifically his concerns and complaints being appealed. *See, e.g., Martinez Report*
(Doc. 30), *Exhibit X (Grievance Forms 01-12-57, 01-12-36, 01-01-02)*.

claim under PLRA for failure to exhaust his administrative remedies." *Jernigan v. Stuchell,* 304 F.3d 1030, 1032 (10th Cir. 2002). Accordingly, the Court rejects the Magistrate Judge's proposed finding that Plaintiff exhausted his administrative remedies regarding his claim that Defendant Benavidez assaulted him and denied him medical treatment on January 15, 2001.

## Second Objection

For their second objection, Defendants object to the Magistrate Judge's recommendation that Plaintiff's unexhausted claims in this case be dismissed without prejudice.[7] Defendants assert that these claims should be dismissed with prejudice based on their counsel's representations that Plaintiff's unexhausted claims are time-barred under the prison grievance procedure and will be denied by prison officials if the claims are re-asserted.[8] On this issue, the Court is guided by Tenth Circuit precedent holding that unexhausted prisoner claims under 42 U.S.C. § 1983 should ordinarily be dismissed without prejudice. *See, e.g., Jernigan v. Stuchell,* 304 F.3d 1030, 1033 (10th Cir. 2002) (affirming dismissal without prejudice of *pro se* prisoner's § 1983 claim for failure to exhaust administrative remedies even though claim may have been time-barred under prison's administrative grievance procedure). Defendants' reliance on *Steele v. Federal Bureau of Prisons,* 355 F.3d 1204

---

[7]The Magistrate Judge found that Plaintiff's unexhausted claims were: (1) his claim that Defendant Garner forced him into the general prison population against his will on or about December 1, 2000; (2) his claim that Defendant Garner fabricated allegations about him or taunted, harassed or intimidated him on a routine basis; and (3) his claim that he was wrongfully placed on grievance restriction on March 26, 2001. As discussed previously, this Court finds that Plaintiff also failed to exhaust administrative remedies regarding his claim that Defendant Benavidez assaulted him and denied him medical treatment on January 15, 2001.

[8]The prison grievance procedure which Defendants contend was applicable to Plaintiff's claims required that grievances be filed within seven (7) days of the alleged incident that was the subject of the grievance. *See **Martinez Report** (Doc. 30), Exhibit Z (prison grievance procedure) at 3.*

7

(10th Cir. 2003), *cert. denied*, 125 S.Ct. 344 (2004), is misplaced. *Steele* did not hold that time-barred prisoner claims should be dismissed with prejudice and, in fact, held that a dismissal of prisoner claims based on lack of exhaustion should ordinarily be without prejudice. *Id.* at 1213.[9] Nor is there any evidence in the record that Plaintiff's unexhausted claims will be denied as time-barred if they are re-filed through the prison grievance procedure.[10] Accordingly, the Court agrees with the Magistrate Judge's recommendation that Plaintiff's unexhausted claims should be dismissed without prejudice.

## Opportunity for Voluntary Dismissal

In her Proposed Findings, the Magistrate Judge recommended as an alternative to the dismissal of Plaintiff's entire complaint without prejudice, that Plaintiff be given an opportunity to voluntarily dismiss his unexhausted claims and have the Court proceed to consider the merits of his remaining, exhausted claims. In his objections to the Magistrate Judge's Proposed Findings, Plaintiff states that he has no objections to the Proposed Findings and that he desires to voluntarily dismiss all of his unexhausted claims from this case. Because Plaintiff has indicated to the Court in his objections that he desires to dismiss his unexhausted claims, the Court will adopt the Magistrate Judge's alternative recommendation that Plaintiff be allowed to voluntarily dismiss all of his unexhausted claims, without prejudice, and, thereafter, have the Court proceed to consider the

---

[9]Other district courts have noted that unexhausted prisoner claims must ordinarily be dismissed without prejudice even if the time for filing prison grievances has expired. *See, e.g., Carrasquillo v. City of New York*, 324 F.Supp. 2d 428, 443 (S.D. N.Y. 2004); *Mendoza v. Cowdry*, No. 00-CV-10500-BC, 2002 WL 253848, at *1 (E.D. Mich. 2002) (unpublished).

[10]Factual statements contained in briefs attributable to counsel (in this instance defense counsel's assertion in Defendants' objections that time-barred grievances will be denied) do not constitute summary judgment evidence. *See 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 2723 at 389 (3d ed. 1998).*

8

merits of his remaining, exhausted claim. To accomplish this, the Court will give Plaintiff the opportunity to file a motion for voluntary dismissal of all of his unexhausted claims, without prejudice, by order of the Court, **on or before June 9, 2005.**

**IT IS THEREFORE ORDERED THAT**:

1.    *Defendants' Objections to Magistrate Judge's Proposed Findings and Recommended Disposition* (*Doc. 56*) are **SUSTAINED IN PART** and **OVERRULED IN PART** as set forth herein;

2.    The *Magistrate Judge's Proposed Findings and Recommended Disposition* (*Doc. 55*) are **ADOPTED IN PART** and **REJECTED IN PART** as set forth herein;

3.    Defendants' *Motion for Summary Judgment* (*Doc. 34*) is **GRANTED**, in part, in that the Court finds that Plaintiff failed to exhaust available administrative remedies as required by 42 U.S.C. § 1997e(a) with respect to his claims that: (a) Defendant Garner forced him into the general prison population against his will on or about December 1, 2000; (b) Defendant Garner fabricated allegations about him or taunted, harassed or intimidated him on a routine basis; (c) Plaintiff was wrongfully placed on grievance restriction on March 26, 2001; and (d) Defendant Benavidez assaulted him and denied him medical treatment on January 15, 2001; and

4.    The Court reserves ruling on all other issues raised in Defendants' *Motion for Summary Judgment* (*Doc. 34*) and gives Plaintiff until **June 9, 2005,** to file a motion for voluntary dismissal of all of his unexhausted claims, without prejudice, by order of the Court; provided, however, that if no such motion is filed by that date, the Court will proceed to grant Defendants' motion with respect to all of Plaintiff's claims and will dismiss Plaintiff's *Prisoner's Civil Rights Complaint* (*Doc. 1*), as supplemented, without prejudice, for failure to exhaust available

administrative remedies with respect to his claims described in sub-paragraph 3, above.

**IT IS SO ORDERED.**

_____
**M. Christina Armijo**
**UNITED STATES DISTRICT JUDGE**